CAMPBELL, Acting Chief Judge.
Appellant, Heath Williams, challenges his convictions and sentences for three counts of armed robbery, two counts of burglary, one count of aggravated assault and one count of shooting into a dwelling. Appellant was charged with the crimes jointly with Ronald Washington and Robert Hill. A fourth alleged perpetrator of the offenses was not apprehended. Serious hurdles encountered by the state in prosecuting appellant were determining the identity of the various perpetrators, their role in each of the crimes and which of the four perpetrators used or possessed firearms during the commission of the crimes.
Appellant raises one trial error and two sentencing errors. We agree with appellant that the trial judge erred by permitting the state to introduce the confession of codefendant Robert Hill in violation of the rule stated in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), cert. denied, 397 U.S. 1014, 90 S.Ct. 1248, 25 L.Ed.2d 428 (1970). Hill, although he had previously pleaded guilty and been sentenced, refused to testify for the state at appellant’s trial and was held in contempt by the trial judge. Hill’s confession, which was introduced at appellant’s trial through the testimony of a police officer, implicated appellant and identified his role in the commission of the crimes. Because we conclude we must reverse on the basis of the Burton error, we do not reach the sentencing errors urged by appellant.
The trial judge, while expressing serious reservations, was persuaded by the state to allow Hill’s confession on the basis of the 1990 amendment to section 90.804(2)(c), Florida Statutes (1989). Section 90.-804(2)(c) is the exception to the hearsay rule that allows introduction of statements or declarations against interest made by an unavailable nonparty witness. Prior to the 1990 amendment, section 90.804(2)(c) contained a final sentence which eliminated as such an exception to hearsay: “A statement or confession which is offered against the accused in a criminal action, and which is made by a codefendant or other person implicating himself and the accused, is not within this exception.” That sentence was deleted by the 1990 amendment. We have previously held that section 90.804(2)(c), prior to the 1990 amendment, was a codification of the Bruton rule. Cipollina v. State, 501 So.2d 2 (Fla.2d DCA 1986), rev. denied, 509 So.2d 1119 (Fla.1987).
Prior to the 1990 amendment, the confession of a nontestifying criminal code-fendant was inadmissible when offered against an accused in a criminal action by reason of both the constitutional rule announced in Bruton and the statutory prohibitions of section 90.804(2)(c), Florida Statutes (1989). While the 1990 amendment may have eliminated the Florida statutory prohibition against the admission of such a codefendant’s confession, it could not, and did not, affect the Bruton constitutional prohibition. The Bruton rule derives from the Confrontation Clause of the United States Constitution and the right of an accused to be confronted by his or her accusers. U.S. CONST. amend. VI. While a statutory enactment may provide an exception to the rule against hearsay, such a statute may not waive an accused’s constitutional rights. This is particularly true where, as here, the accused is being tried separately from his confessing codefendant and there are no interlocking confessions or other circumstances that might create an exception to the rights of an accused to assert constitutional rights.
The state argues that appellant did not preserve his right to appeal the Bruton issue because he failed to raise Bruton at trial. We disagree. The transcript of the trial concerning this issue is at best confusing and at worst a mess. Some statements by the attorneys are unintelligible apparently because of being inaccurately or mistakenly reported and transcribed. It is true that Bruton as such is not mentioned. It is evident to us, however, that appellant’s trial counsel was clearly expressing *1339 objections to the admission of Hill’s confession because appellant had been denied the right to cross-examine and confront his co-defendant confessor. The state simply argued, and convinced the trial judge, that the 1990 amendment to section 90.804(2)(c) eliminated any such objection without regard to the overriding principle that a statute cannot abrogate an accused’s constitutional right.
Reversed and remanded for a new trial.
FRANK and BLUE, JJ., concur.